IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **THALIA C. SANDERS, ET AL.,** | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: RWT 08cv501 |
| **PRINCE GEORGE'S PUBLIC SCHOOL SYSTEM, ET AL.,** | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

This case primarily involves alleged racial discrimination and retaliation by Defendants Prince George's Public School System ("PGPSS") and Janet Gaines in identifying Plaintiff's minor children as disabled and requiring special education. Pending before the Court are Defendant PGPSS' Motion to Dismiss, construed as a motion for summary judgment [ECF No. 27], Plaintiff's Motions for Summary Judgment [ECF Nos. 32 and 46], Defendant PGPSS' Motion to Strike allegedly duplicative pleadings filed by Plaintiff [ECF No. 48], and the responses and replies thereto. For the reasons that follow, Defendant PGPSS' motions shall be granted and Plaintiff's motions shall be denied.

### Background

Plaintiff Thalia C. Sanders, proceeding pro se, is the natural mother of J.S. and C.S. J.S. was born on January 8, 2003. Def.'s Reply Mot. Dismiss Second Am. Compl. 2, ECF No. 44. Plaintiff completed an application for the enrollment of J.S. in Prince George's County Public Schools' pre-kindergarten program in June 2007. Id.; ECF No. 43, ex.1, p. 1-4. In August 2007, J.S. attended Thomas Claggett Elementary School and in June 2008, the school completed a

"School-Home Communication" that indicated that J.S. was progressing as expected. Def.'s Reply 2; ECF No. 43, ex.1, p. 5.

In June 2008, the Juvenile Court for Prince George's County issued adjudication Hearing Order that required J.S. to be temporarily committed to the care and custody of the Prince George's County Department of Social Services. Def.'s Reply 2; ECF No. 43, ex.1, p. 7. In August 2008, J.S. was enrolled in John Hanson French Immersion & Montessori School ("John Hanson"). Def.'s Reply 2; ECF No. 43, ex.1, p. 7. Sometime thereafter, the Department of Social Services notified the school that Mrs. Ava Livas, J.S.'s aunt, was appointed as parent surrogate for J.S.'s education. Def.'s Reply 2; ECF No. 43, ex.1, p. 8. Because Ms. Livas resides within the school boundaries at Robert Goddard French Immersion School ("Robert Goddard"), J.S. was withdrawn from John Hanson and later enrolled at Robert Goddard. Def.'s Reply 2; ECF No. 56 at 2.

In October 2008, J.S. was referred to Robert Goddard's Individualized Education Programs ("IEP") Team for an evaluation for eligibility for special education and related services. Def.'s Reply 2; ECF No. 43, ex.1, p. 10. J.S. was determined to be ineligible for such services. Def.'s Reply 2. J.S. remained enrolled at Robert Goddard for school year 2008/2009, he continued to attend regular education program at Robert Goddard for the school year 2009/2010, and he remains enrolled at Robert Goddard for the current school year 2010/2011. Id.

On November 10, 2010, Plaintiff regained custody of J.S. under an Order of Protective Supervision. ECF No. 56, ex. 1. J.S. now resides with Plaintiff in Capitol Heights, Maryland. ECF No. 56, p. 2. Although Plaintiff's residence is outside the Robert Goddard school boundary

and within the attendance boundaries for John Hanson, J.S. remains enrolled at Robert Goddard. Id.

C.S. was born on October 30, 1994. Def.'s Reply 3. C.S. began attending Prince George's County Public Schools in kindergarten (School Year 1999/2000). Id. Plaintiff was involved in the education of C.S. throughout her grade school enrollment. Id. C.S. initially attended Shadyside Elementary School, which was later converted to Shadyside French Immersion School. Id. She began attending John Hanson French Immersion in 5th grade. Id. All report cards for grade school indicate that C.S. successfully progressed to each grade level at the end of each school year, without the need for special education services. Id.; see also ECF No. 43, ex. 2.

In May 2008, the Juvenile Court for Prince George's County issued an Adjudication Hearing Order temporarily committing C.S. to the care and custody of the Department of Human Services. ECF No. 43, ex. 2, p. 25. C.S. was placed with maternal relatives. Id. at p. 26.

Effective for the School Year 2008/2009, C.S. was enrolled in the 9th grade at Charles Herbert Flowers High School ("Flowers High School"). Def.'s Reply 3; ECF No. 43, ex. 2, p. 42. On November 20, 2008, C.S. was withdrawn from Flowers High School to attend Arrow Diagnostic Center in Baltimore, MD. ECF No. 43, ex. 2, p. 42. C.S. was discharged from Arrow Diagnostic Center on December 19, 2008 and re-enrolled at Flowers High School. Id.

C.S. attended 10th grade at Bowie High School. Def.'s Reply 3. C.S. has and continues to progress through the regular education program in Prince George's County Public Schools. Id.; see also ECF No. 43, ex. 2, pp. 30, 40. Plaintiff has not regained custody of C.S. ECF No. 56 at 1. According to Plaintiff, C.S. "did not want to come home or interact with [her] mother." ECF No. 54, p. 3.

## Procedural History

In February 2008, Plaintiff filed her initial complaint against the State of Maryland Department of Education. ECF No. 1. On March 3, 2009, the Court dismissed Plaintiff's Complaint without prejudice and granted Plaintiff leave to file an Amended Complaint that clearly identifies appropriate Defendants and which complies with Rule 8(a) of the Federal Rules of Civil Procedure. ECF No. 16.

On April 3, 2009, Plaintiff filed her First Amended Complaint, naming PGPSS and Janet Gaines as Defendants. ECF No. 18. On December 21, 2009, Plaintiff was notified by letter that the Court would dismiss this civil action unless she could show good cause on or before January 22, 2010 for her failure to serve Defendants PGPSS and Defendant Gaines within the time permitted by the federal rules of civil procedure. See ECF No. 19. Before January 22, 2010, Plaintiff hand delivered to the clerk completed summonses forms and copies of a new "Complaint for Har[]assment/Discrimination" to be served upon the defendants, which the Court construed as Plaintiff's Second Amended Complaint. See ECF No. 21.

In Plaintiff's Second Amended Complaint she asserts a host of claims primarily related to alleged racial discrimination and retaliation by Defendants PGPSS and Janet Gaines in indentifying her minor children as disabled. Second Am. Compl. 1, ECF No. 22. Plaintiff asserts that her children have been incorrectly classified as "special education" eligible by PGPSS; that her children were denied free lunch; that she was barred from appearing at her children's school; that a former school official requested that she and J.S. undergo a mental evaluation; and that C.S. was excluded from several classes in the school year of 2008-2009. See Second Am. Compl. 4-18. Plaintiff further complains that, since regaining custody of J.S., she has to provide transportation for him to attend Robert Goddard. ECF No. 54.

On May 10, 2010, the Board of Education of Prince George's County (answering on behalf of Defendant PGPSS) moved to dismiss all claims in the Second Amended Complaint ECF No. 27. Plaintiff filed two separate responses to the motion, ECF Nos. 29 and 47, as well as two "Affidavits for Summary Judgment," construed by the court as motions for summary judgment. ECF Nos. 36 and 46. On June 30, 2010, Defendant PGPSS moved to strike Plaintiff's second "Affidavit for Summary Judgment" and Plaintiff's second "Motion to Oppose Defendant's Motion to Dismiss." ECF No. 48.

**Discussion**

**I.  Plaintiff's Failure to Serve Defendant Gaines**

Plaintiff has yet to effectuate service as to Defendant Janet Gaines, identified by Plaintiff as a counselor/therapist with Arrows Child and Family Ministries for the Prince George's County Department of Social Services. Second Am. Compl. 1. As stated above, on December 21, 2009, Plaintiff was notified by letter that the Court would dismiss this civil action unless she could show good cause on or before January 22, 2010 for her failure to serve Defendants PGPSS and Janet Gaines within the time permitted by the federal rules of civil procedure. See ECF No. 19. Before January 22, 2010, Plaintiff hand delivered to the clerk completed summonses forms and copies of a new "Complaint for Har[]assment/Discrimination" to be served upon the defendants. See ECF No. 21.

Despite Ms. Sanders' failure to provide any explanation for her failure to serve the defendants, the Court docketed this "Complaint for Harassment/Discrimination" as a Second Amended Complaint and ordered the summonses reissued. Id. Summonses were reissued on March 10, 2010, ECF No. 23, and service was returned as not deliverable as to Defendant Gaines on April 22, 2010. ECF No 52. Summonses were reissued as to Defendant Gaines on June 8,

5

2010, ECF No. 40, and returned as not deliverable on July 28, 2010.  ECF No. 53.

This Court has repeatedly notified Plaintiff of her duty to serve Defendants,[1] yet Plaintiff failed to show good cause for her delay in serving Defendants when specifically directed to do so and has yet to serve Defendant Gaines over a year later.  Pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 103.8.a, the Court shall therefore dismiss without prejudice the claims against Defendant Janet Gaines for failure to effect service of process within 120 days of filing the complaint.

## II. Defendant PGPSS' Motion to Strike

Defendant PGPSS moves to strike Plaintiff's second "Affidavit for Summary Judgment" and Plaintiff's second "Motion to Oppose Defendant's Motion to Dismiss" as duplicative of earlier pleadings filed by Plaintiff.  ECF No. 48.  Defendant PGPSS argues that the redundancy in the filings by Plaintiff is prejudicial to the Defendant who is forced to incur fees and expenses related to responding to Plaintiff's filings.  Id.

The Court has reviewed the pleadings and agrees with Defendant PGPSS that they are redundant and therefore prejudicial to Defendant if forced to respond.  Accordingly, the Court will, by separate order, grant Defendant PGPSS' Motion to Strike [ECF No. 48] and strike Plaintiff's second "Affidavit for Summary Judgment" [ECF No. 46] and Plaintiff's second "Motion to Oppose Defendant's Motion to Dismiss" [ECF No. 47].  Thus, the only remaining motions for the Court to address are Defendant PGPSS' Motion to Dismiss [ECF No. 27] and Plaintiff's first "Affidavit for Summary Judgment" [ECF No. 32], both of which will be construed by the Court as motions for summary judgment.

---

[1] See ECF Nos. 16 and 19; see also Sanders v. Crosby et.al., RWT 08-1279, ECF Nos. 26 and 37.

### III. Summary Judgment Motions

A. Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . .the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

B. Analysis

Defendant PGPSS moves to dismiss all claims brought against it because Plaintiff is not a real party in interest and, even if Plaintiff could establish that she is a real party in interest, Plaintiff fails to state a claim upon which relief can be granted. Def.'s Mot. Dismiss Second Am. Compl. 1, ECF No. 27. Defendant PGPSS first argues that Plaintiff lacks standing to pursue her claims involving her minor children because she lacks legal custody. Id. at 2. Fed. R. Civ. P. (17)(a)(1)(c) requires that an action must be prosecuted in the name of the real party in interest, including a guardian. The capacity of the Plaintiff to sue is determined by the law of Maryland. See Fed. R. Civ. P. (17)(b)(3). Maryland Rule 2-202(b) provides that "[a]n individual under disability [including minority] to sue may sue by a guardian or other like fiduciary or, if none, by next friend ..." Md. R. Civ. P. 2-202(b)

Plaintiff appears to concede that she was not the legal guardian of J.S. or C.S. for some period of time after she filed her initial complaint. Pl.'s Opp'n Def.'s Mot. Dismiss 9. Plaintiff argues, however, that she is entitled to bring this suit on behalf of her children as their biological mother, Id. at 9-11, and points out that J.S. has subsequently been returned to her care. ECF No. 54.

Defendant PGPSS points to no case law in support of its position that Plaintiff lacks standing to pursue her claims and the Court declines to make such a ruling in this case. Based on the documentation and dates provided by Defendant PGPSS, both minor children were in Plaintiff's custody and care when she initiated this suit. See ECF No. 43, ex. 1, p.7; Id., ex. 2, p 25. Further, the subsequent removal from Plaintiff's care, and award of "limited guardianship" to the Executive Director of the Prince George's County Department of Social Services, was

"temporary" and Plaintiff was to retain "liberal" visitation with both children. See Id., Ex. 1, p.7; Id., Ex. 2, p 25.

This is not a case where a natural parent is attempting to bring suit after her parental rights have been terminated.[2] As Defendant PGPSS acknowledges, J.S. was returned to Plaintiff's custody under an Order of Protective Supervision in November 2010, ECF No. 56, ex. 1. Although it is unclear why Plaintiff has not regained custody of C.S., it appears that C.S. was given the option of returning to Plaintiff's home and declined. See ECF No. 54, p.3. Thus, the Court concludes that Plaintiff remains a real party in interest and has standing to bring this suit on behalf of C.S. and J.S.

Next, Defendant PGPSS argues that Plaintiff's Second Amended Complaint must be dismissed because she fails to comply with federal pleading requirements and thus fails to state a claim upon which relief may be granted. Def.'s Mot. Dismiss 3-5. In Plaintiff's Second Amended Complaint, she summarily lists the laws she believes are applicable to her cause of action but fails to enumerate facts indicating how Defendant PGPSS has violated the laws. See Second Am. Compl. For example, Plaintiff purports to assert claims under title 42 U.S.C. § 1981, and the First, Fifth and Tenth Amendments to the United States Constitution. Id. However, even a cursory review of the Second Amended Complaint reveals that these claims are clearly inapplicable to the case at bar. There is no allegation that PGPSS denied Plaintiff her right to make or enforce contracts, to sue, give evidence, or otherwise denied the Plaintiff her

---

[2] See Qureshi v. Director Prince Geroge's County Dept. of Social Services, 276 A.2d 675, 679 (Md. Appl. 1971) ("upon issuance of the final decree of guardianship [with right to consent to adoption]. . . the mother was no longer an interested party and therefor[e] lacked the standing to challenge the Department of Social Services procedures."); Hale v. Cramer, 255 A.2d 37 (Md. 1969) (natural parents lacked standing to challenge enrolled adoption decree).

rights under § 1981.  Similarly, Plaintiff has not alleged any facts describing how Defendant violated her First, Fifth or Tenth Amendment rights.[3]

Plaintiff also asserts a claim under Md. Code Ann. Educ. § 8-505 (West 2010), which states that "Each county board shall establish a dispute resolution process to address disputes regarding requirements imposed and the rights conferred by this subtitle."  However, Plaintiff does not allege that the county board has failed to establish a dispute resolution process.  Similarly, it is unclear what cause of action, if any, Plaintiff attempts to raise under 20 U.S.C. § 7201, entitled "Purposes, State and local responsibility."

Plaintiff's central and strongest claim appears to be that her children were racially discriminated against when erroneously identified as mentally disabled and in need of special education, in violation of the Fourteenth Amendment.  See Pl.'s Second Am. Compl. 3-9.  Defendant PGPSS admits that J.S. and C.S. are enrolled in the Prince George's County Public School system but denies that it ever provided special education and/or related services to Plaintiff's children.  Def.'s Reply 1-4.

Plaintiff acknowledges that she does not know what special services are being provided to J.S. and C.S, if any.  Pl.'s Opp'n Def.'s Mot. Dismiss 6-7.  However, she conclusively maintains that "Plaintiff's liberty interest[s] were deprived and abridged when the children were labeled special education," Id. at 8-9.  Plaintiff also asserts, without support, that "the motive is racism" and "the intent is to retaliate because the Plaintiff sued this Defendant in another venue alleging racial discrimination and disparate treatment: ethnic cleansing amon[g]st Black inhabitants of Prince George[']s County, Maryland." Id. at 12.

---

[3] Defendant PGPSS also correctly points out that there is currently no recognized private right of action for an individual under the Tenth Amendment.

In short, in Plaintiff's opposition to Defendant PGPSS' motion, she merely reiterates the conclusory allegations comprising her second amended complaint and fails to meaningfully rebut Defendant PGPSS' arguments set forth therein. Viewing the evidence in the light most favorable to Plaintiff, and drawing all inferences in her favor, the Court concludes that Plaintiff has failed to set forth specific facts showing that there is a genuine issue for trial. Bouchat, 346 F.3d at 525. Thus, Defendant PGPSS is entitled to summary judgment on all of Plaintiff's claims.

## Conclusion

Accordingly, the Court will grant Defendant PGPSS' Motion to Dismiss [ECF No. 27], and deny Plaintiff's first "Affidavit for Summary Judgment" [ECF No. 32], construed by the Court as motions for summary judgment. The Court will also grant Defendant PGPSS' Motion to Strike [ECF No. 48] and strike Plaintiff's second "Affidavit for Summary Judgment" [ECF No. 46] and Plaintiff's second "Motion to Oppose Defendant's Motion to Dismiss" [ECF No. 47]. Finally, pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 103.8.a, the Court will dismiss without prejudice the claims against Defendant Janet Gaines for failure to effect service of process within 120 days of filing the complaint. A separate Order follows.

February 28, 2011 /s/
Roger W. Titus
United States District Judge