IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **THALIA C. SANDERS, ET AL.,** | * |
| Plaintiffs, | * |
| v. | Case No.: RWT 08cv501 |
| **PRINCE GEORGE'S PUBLIC SCHOOL SYSTEM, ET AL.,** | * |
| Defendants. | * |

## MEMORANDUM OPINION

This case stems from Plaintiff's Second Amended Complaint which asserts a host of claims primarily related to alleged racial discrimination and retaliation by Defendants PGPSS and Janet Gaines in identifying Plaintiff's minor children as disabled. *See* Second Am. Compl. 1, ECF No. 22. After briefing, this Court granted summary judgment in favor of Defendants The Prince Georges' Public School System (PGPSS), Attorney General of the State of Maryland, and Janet Gaines (collectively "Defendants") on February 28, 2011. Mem. Op., ECF No. 57. In response, Plaintiff filed the following motions: Complaint for Harassment/Discrimination (ECF No. 59), Affidavit Summary Judgment Harassment/Discrimination (ECF No. 60), and Motion to Oppose Defendant's Opposition to Plaintiff's Motion for Default Judgment (ECF No. 61). The court construes these motions collectively as a Motion to Alter or Amend this Court's Grant of Summary Judgment under Federal Rule of Civil Procedure 59(e).

1

## **ANALYSIS**

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment where a party files a motion to do so within 28 days of the entry of the judgment. However, a motion for reconsideration "is not the proper place to relitigate a case after the court has ruled against a party," *Lunn v. Weast*, No. DKC 2005-2363, 2006 U.S. Dist. LEXIS 55791, *10 (D. Md. July 28, 2006), as "mere disagreement" with a court's ruling will not support granting such a request. *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

There are only three limited circumstances warrant the amendment of a judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See Pacific Ins. Co. v Am. Nat'l Fire Ins. Co.*, 148 F.3d 396 (4th Cir. 1998). A motion for reconsideration is properly denied where a movant fails to establish one of these three criteria. *See, e.g.*, *Jarvis v. Enter. Fleet Servs. & Leasing Co.*, No. DKC 07-3385 2010 U.S. Dist. LEXIS 46077, at *7 (D. Md. May 11, 2010) (denying motion to reconsider because plaintiff failed to identify valid circumstance that would cause Court to alter its prior opinion).

Here, Plaintiff fails to show that any of the circumstances that would support a Rule 59(e) motions are present. A review of Plaintiff's materials reveals that she previously alleged the same facts and made the same arguments in support of racial discrimination and retaliation in her Second Amended Complaint that this Court dismissed. *See* Pl.'s Second Am. Compl. 9, ECF No. 22. This Court has already determined that Plaintiff failed to set forth any specific facts showing that there is a genuine issue for trial. *See* ECF No. 57.

Furthermore, the other two circumstances that permit the amendment of a judgment are

also not present here.  Plaintiff has not identified any intervening change in the applicable law, nor can the Court discern any.  Additionally, Plaintiff fails to show that an amendment of this Court's judgment is needed to correct an error of law or to prevent manifest injustice.  *See* ECF Nos. 59, 60, and 61.  Rather, Plaintiff merely reiterates the same arguments that were detailed in her Second Amended Complaint.  ECF No. 21.  This will not suffice to support an amendment or alteration of a prior judgment.

## **CONCLUSION**

In conclusion, Plaintiff offers no valid reason for amending this Court's previous judgment.  Indeed, Plaintiff merely repeats the very assertions that this Court previously considered when determining that summary judgment in favor of Defendants was proper.  Accordingly, Plaintiff's filings, construed as a Motion to Alter or Amend, will be denied.  A separate Order follows.

Date: September 20, 2011  /s/
DEBORAH K. CHASANOW
for ROGER W. TITUS
UNITED STATES DISTRICT JUDGE